**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

**DENNIS GRIGSBY,**

                                    **CIVIL CASE NO. 2:13-CV-00221**

                                    **CRIM. CASE NO. 10-CR-105**

       **Petitioner,**                     **JUDGE EDMUND A. SARGUS, JR.**

                                    **Magistrate Judge Elizabeth A. Preston Deavers**

       **v.**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**ORDER and**

<u>**REPORT AND RECOMMENDATION**</u>

       Petitioner, Dennis Grigsby, is a federal pre-trial detainee currently in the custody of the United States Attorney General pending restoration of his competency.  He has filed what he has captioned as a habeas corpus petition.

       Initially, this matter is before the Court for consideration of Petitioner's Motion for Leave to Proceed in forma Pauperis.  (ECF No. 1.)  Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**.

1

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute his action without further prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Turning to the actual Petition, the Court notes that on April 22, 2010, Petitioner was indicted on three counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a).  *United States v. Grigsby,* Crim. No. 2:10-cr-105 (S.D. Ohio). On November 4, 2010, the Court found Petitioner incompetent and committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  (Case No. 10-cr-105, ECF No. 32.)  On July 8, 2011, after a hearing, the Court granted Respondent's motion for involuntary treatment of Petitioner with antipsychotic medication to assist in restoring him to competency.  (*Id.* at ECF No. 42.)  Petitioner has filed an appeal of that decision, which is currently pending before the United States Court of Appeals for the Sixth Circuit.  The Court has stayed the criminal action pending resolution of the appeal.  (*Id.* at ECF Nos. 45, 46.)

Meanwhile, on March 8, 2013, Petitioner filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  This matter is before the Court for a preliminary review to determine whether it appears from the face of the petition that Petitioner is not entitled to relief.  *See* Rule 4 of the Rules Governing Section 2254 Cases;[1] *see also* 28 U.S.C. § 2243.  In his habeas corpus petition, Petitioner asserts *inter alia* that he (1) has been denied his right to a speedy trial; (2) is a victim of illegal "outrageous government conduct," (3) is being held in

---

[1]  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts applies to actions under 28 U.S.C. § 2241.  *See Wardrick v. Federal Bureau of Prisons,* No. 11-198, 2012 WL 761717, at *1 (E.D. Ky. March 7, 2012)(citing Rule 1(b))("The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief")(other citations omitted).

violation of the "anti-shuttling statute" and that the trial court therefore lacks jurisdiction; and (4) has been denied equal protection and denied access to the courts because he has been found incompetent to represent himself.  Petitioner requests dismissal of the criminal charges against him or, alternatively, that he be sentenced to "time served" with no probation or fines.  He seeks immediate release. (See ECF No. 1-1, PageID 17-21.)  He also has filed a motion to disqualify The Honorable Gregory L. Frost who is presiding over his criminal case from hearing this habeas corpus petition.  This motion, however, is **DENIED,** as moot, since Judge Frost has not been assigned to this case.  Additionally, because Petitioner's motion under 28 U.S.C. § 2241 or § 2255 is premature, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice.

"A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241." *Heard v. Hickey,* No. 5:12-cv-055-JBC, 2012 WL 1080279, at *1 (E.D. Ky. March 30, 2012)(citing *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981)).  In other words, Petitioner's status as a federal pretrial detainee seeking to set aside charges he will face at his impending trial does not preclude this Court's review under 28 U.S.C. § 2241.  *See Caldwell v. Elliott*, No. 1:08CV0788, 2008 WL 2074062, at *1 (N.D. Ohio May 13, 2008)(citation omitted).  Courts should abstain from exercising jurisdiction, however, where the issues raised in a federal habeas corpus petition may be resolved at trial or by other available procedures.  *Id.* (citing *Fay v. Noia*, 372 U.S. 391, 417–20 (1963); *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2nd Cir. 1976)); *see also Pendleton v. United States*,  No. 2:08-cv-01200; 2:07-cr-00181, 2009 WL 839498 (S.D. Ohio March 25, 2009)(§ 2241 not available where issues have not yet been presented to the trial court in the criminal case).  "[A] habeas petition brought pursuant to 28

U.S.C. § 2241 is an inappropriate remedy for a federal pre-trial detainee to allege that he is being held in custody in violation of his right to a speedy trial or other constitutional trial rights." *Abernathy v. United States Marshal Service,* No. 2:08-cv-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008)(citing *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005).

> "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available.

*Abernathy*, 2008 WL 4858442, at *1 (citing *Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)). Moreover, a federal pretrial detainee generally must exhaust other available remedies before he becomes eligible for relief under § 2241. *Caldwell v. Elliott*, 2008 WL 2074062, at *1 (citations omitted).

Such are the circumstances here. Petitioner currently has pending before the Sixth Circuit an interlocutory appeal on the District Court's order granting the government's request to impose psychiatric treatment. Additionally, the issues he raises must be presented to the trial court during criminal prosecution and on direct appeal prior to consideration of his habeas corpus petition.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as premature. Petitioner's to disqualify Judge Frost from hearing this habeas corpus petition is **DENIED,** as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

     **s/ Elizabeth A. Preston Deavers**
**Elizabeth A. Preston Deavers**

**United States Magistrate Judge**

**Date:  March 19, 2013**

5

**6**